IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| WILLIAM B. MOSKALSKI | ) | |
| --- | --- | --- |
| | ) | No. 2:06-cv-568 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BAYER CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

AMBROSE, C.J.

## OPINION AND ORDER

### SYNOPSIS

In this ERISA matter, before the Court is Plaintiff's Motion for attorney's fees. Previously, I found that the denial of ERISA benefits was arbitrary and capricious, and remanded to Defendants for further proceedings. Defendants now contest Plaintiff's entitlement to fees, on grounds that such an award is premature in light of the remand. In the alternative, Defendants claim that any such award shall be reduced.

For the following reasons, Plaintiff's Motion will be granted.

### OPINION

### I. Timing of Motion

The Court has discretion to determine whether to award attorneys' fees

and costs to any party in an ERISA action. 29 U.S.C. § 1132(g)(1).¹ Most courts have considered the statute to permit awards to a "prevailing" party. See, e.g., McPherson v. Employees' Pension Plan of Am. Re-Ins. Co., 33 F.3d 253, 254 (3d Cir. 1994). In that vein, several decisions, not binding on this Court, have treated a fee award as premature if secondary to remand.² In certain scenarios, that approach may be preferable. The better principle in this particular instance, however, provides that a fee award needn't be based on plaintiff's ultimate success on a claim for disability benefits; instead, a fee award may be appropriate if plaintiff prevailed on a significant issue in the judicial forum. See, e.g., MacLeod v. P&G Disability Benefit Plan, No. 3:05cv725, 2007 U.S. Dist. LEXIS 3543, at **3-5 (D. Conn. Jan. 18, 2007); Mardirossian v. Guardian Life Ins. Co. of Am., 457 F. Supp. 2d 1038, 1042-43 (C.D. Ca. 2006).

Here, Plaintiff sought the reinstatement of benefits, based on his claim that Defendants' denial of benefits was arbitrary and capricious. Although I ordered remand rather than benefits, Plaintiff prevailed on his central claim that Defendants' conduct was wrongful. "Nothing on remand will affect that ruling and therefore...there is no sound reason to delay awarding Plaintiff the reasonable attorneys' fees and costs he incurred in obtaining that victory." Id. at *4; cf. Cook v. N.Y. Times Co. Long-Term Disability Plan, No. 02 Civ. 9154, 2004 U.S.

---

¹29 U.S.C. § 1132(g)(1) provides that in an ERISA action, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

²The Defendants cited to one case from within this Circuit, which is inapplicable here. In Local 827 IBEW, AFL-CIO v. Verizon New Jersey, Inc., No. 02-1019, 2006 U.S. Dist. LEXIS 56453 (D.N.J. Aug. 3, 2006), the court determined that the fee petition was premature because an appeal was pending.

Dist. LEXIS 8306, at **4-6 (S.D.N.Y. Apr. 13, 2004). Moreover, the record is sufficient to permit thorough consideration of all factors pertinent to the issue of fees. Therefore, I will consider Plaintiff's Motion.

## II. Propriety of Award

In considering the propriety of an award, the District Court must consider several factors: 1) the offending party's culpability or bad faith; 2) the ability of the offending party to satisfy an award of attorney's fees; 3) the deterrent effect of an award of attorney's fees; (4) the benefit conferred upon members of the ERISA plan as a whole; and (5) the relative merits of the parties' positions. Hahnemann Univ. Hosp. v. All Shore, Inc., 514 F.3d 300, 310 (3d Cir. 2008).

As regards the first factor, there are no grounds for finding that Defendants acted in bad faith. An arbitrary and capricious denial of benefits does not necessarily equal culpability or bad faith. Heffernan v. UNUM Life Ins. Co. of Am., 101 Fed. Appx. 99, 109 (6th Cir. Ohio 2004).

> In a civil context, culpable conduct is commonly understood to mean conduct that is 'blameable; censurable; . . . at fault; involving the breach of a legal duty or the commission of a fault. . . . Such conduct normally involves something more than simple negligence. . . . [On the other hand, it] implies that the act or conduct spoken of is reprehensible or wrong, but not that it involves malice or a guilty purpose.

McPherson v. Employees' Pension Plan of Am. Re-Insurance Co., 33 F.3d 253, 256-57 (quoting Black's Law Dictionary (6th ed. 1990)).

Here, Defendants rendered an opinion for reasons that lacked sufficient foundation. The complete absence of evidence in support of Defendants' conclusions of Plaintiff's employability, on two separate occasions, as well as the selective use of evidence in that regard, bespeaks of some level of culpability.

This factor, therefore, weighs in favor of a fee award.

The final considerations are fairly straightforward, and require less discussion. A fee award in this case is an appropriate deterrent, as it provides financial incentive for Defendants to properly support its conclusions at the administrative level. Defendants do not dispute ability to satisfy a fee award, and Plaintiff does not contend that the fourth consideration applies here. As for the fifth and final consideration, Defendants' position was not devoid of merit; nonetheless, Plaintiff's had greater merit. Given that relative merit is at issue, this factor weighs, if slightly, in Plaintiff's favor. Four of the five factors, therefore, weigh in favor of a fee award. On balance, a fee award is appropriate.

## II. Amount of Award

In determining the amount of a reasonable fee, a Court should begin by considering the "lodestar." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The lodestar is computed by referring the reasonable number of hours expended multiplied by a reasonable hourly rate. Hahnemann, 514 F. 2d at 310. Defendants do not challenge the hourly rates claimed, and Plaintiff has submitted competent affidavits in support thereof. Accordingly, I have no grounds for concluding that the rates of $200 and $250 per hour are anything other than reasonable.

I must next consider the hours claimed. "[T]he district court retains a great deal of discretion in deciding what a reasonable fee award is, so long as any reduction is based on objections actually raised by the adverse party." Bell v. United Princeton Properties, Inc., 884 F.2d 713, 721 (3d Cir. 1989). The only

objection that Defendant actually raises is to the amount of $1,150, which reflects fees incurred on remand pursuant to settlement. I agree with Defendants, as time spent in the administrative process is not includable in the award. Hahnemann, 514 F. 3d at 313. I will reduce the fee accordingly.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for attorney fees will be granted, and fees awarded in the amount of $22,665.00. An appropriate Order follows.

## ORDER

AND NOW, this 25th day of August, 2008, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion (Doc. No. 37) is GRANTED, and Plaintiff is entitled to fees in the amount of $22,665.00.

BY THE COURT:

Donetta W. Ambrose

Chief Judge, U.S. District Court